UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. FISH AND WILDLIFE SERVICE, et al.,<br><br>    Defendants. | Case No. 16-CV-01993-LHK<br><br>**ADDITIONAL QUESTIONS FOR PRELIMINARY INJUNCTION HEARING** |

Each side shall address the following additional questions at the May 20, 2016 hearing.

Additional Questions for Plaintiffs:

- What do Plaintiffs believe would have been the correct procedure? For the Corps to have described the project narrowly, as limited to the areas related to the Corps' jurisdiction, followed by FWS issuing a more limited biological opinion and PVS seeking a Section 10 permit for the larger project?
- It appears that Plaintiffs do not dispute that the Corps could require the purchase of the off-site conservation lands as a condition of the Section 404 permit. Rather, Plaintiffs dispute whether the Corps has discretionary authority to require ongoing conservation of the conservation lands in this case after five years. Is that correct?
- The Corps points to 33 C.F.R. § 325.4, which requires special conditions to be added to Section 404 permits "when such conditions are necessary to satisfy legal requirements or to otherwise satisfy the public interest requirement," such as "compliance with the 404(b)(1) guidelines . . . [and] the Endangered Species Act." Why is this insufficient legal basis for the Corps' incorporation of all of the terms and conditions of the biological opinion?

Case No. 16-CV-01993-LHK
ADDITIONAL QUESTIONS FOR PRELIMINARY INJUNCTION HEARING

1

- Why isn't the Corps' explicit inclusion of the terms and conditions of the biological opinion into the Section 404 permit sufficient for the Corps to "retain" the "discretionary Federal involvement or control" required for reinitiation of consultation pursuant to 50 C.F.R. § 402.16?
- Why doesn't the Ninth Circuit's decision in *BLM* mean that the conservation measures proposed in the project design are "reasonably certain to occur"? As noted in the supplemental briefing question, the Ninth Circuit indicated in *BLM* that conservation measures incorporated into the proposed project design are enforceable by the Service or the public should the action agency fail to enforce those measures.

Additional Questions for Defendants:

- How does the Corps respond to Plaintiffs' argument that many of the conservation measures are required by state and local permitting and thus not properly considered as part of the Corps' federal action?
- Given that the Corps represented to the Service in August 2015 that the biological opinion would become binding on Panoche Valley Solar for the life of the project through a permit issued by the Corps, why didn't the Corps initially incorporate all of the terms and conditions of the biological opinion into the Section 404 permit?
- In ten years, imagine that Panoche Valley Solar acts in a way that alters the project design (cancelling the conservation easement, for example, or adding new transmission lines). If the Corps reinitiates consultation, on what federal action is the Corps seeking consultation? If the federal action is the continuing validity of the permit, how does the Corps retain the ability to influence Panoche Valley Solar's actions through the permit once the dredged and fill activities are complete?

**IT IS SO ORDERED.**

Dated: May 20, 2016

_____
LUCY H. KOH
United States District Judge

2
Case No. 16-CV-01993-LHK
ADDITIONAL QUESTIONS FOR PRELIMINARY INJUNCTION HEARING